IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 13, 2000 Session

## STATE OF TENNESSEE v. CARLOS L. BATEY

**Appeal from the Criminal Court for Davidson County**
**No. 99-C-1871     Seth Norman, Judge**

_____

**No. M2000-00759-CCA-R3-CD  - Filed February 1, 2001**

_____

The defendant appeals a certified question from the trial court's denial of his motion to suppress cocaine seized incident to his warrantless arrest. He contends that the police lacked probable cause to arrest him because the state failed to prove the basis of knowledge and the reliability of the informant who arranged the drug transaction which led to his arrest. We affirm the trial court's denial of the motion to suppress.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

James O. Martin, III, Nashville, Tennessee, for the appellant, Carlos L. Batey.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Ana Lucia Escobar, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Carlos L. Batey, pled guilty in the Davidson County Criminal Court to possession of more than three hundred grams of cocaine with the intent to deliver, a Class A felony. Pursuant to the plea agreement, the trial court sentenced him to fifteen years as a Range I, standard offender to be served in the Department of Correction. The defendant appeals as of right upon a certified question of law that is dispositive of this case. See T.R.A.P. 3(b); Tenn. R. Crim. P. 37 (b)(2)(i). The issue is stated as: "Whether defendant's arrest and subsequent search of his person was unreasonable in violation of the 4th Amendment to the United States Constitution and Article 1 Section 7 of the Tennessee Constitution, as there was no probable cause to arrest." The defendant contends that the police lacked probable cause to arrest him because nothing established the veracity and basis of knowledge of the informant who arranged the cocaine delivery. He argues that the

cocaine, which he dropped upon his arrest, should be suppressed because the police lacked probable cause to arrest him without a warrant. We affirm the trial court's denial of the motion to suppress.

At the suppression hearing, Detective Jesse Birchwell testified as follows: On April 27, 1999, he arrested Harold McGee for the sale of several large amounts of cocaine and executed a search warrant for McGee's house at 1424 Roberts Avenue. McGee agreed to cooperate with the police by calling individuals whom he knew to be drug suppliers and arranging for them to deliver cocaine to his house. McGee told Detective Birchwell that he could get one-half kilogram of cocaine from a person he knew as "Los." The police gave McGee a device to record telephone conversations. McGee called Los, who told McGee that he knew someone with two or three "chickens," which is a street term for a kilogram of cocaine. After they negotiated the price over several calls, Los agreed to deliver one-half kilogram of cocaine to McGee at McGee's house in exchange for $1700. Detective Birchwell listened to McGee's side of the telephone conversations as they transpired but did not listen to the recording of the telephone conversations in their entirety until after the defendant's arrest. Based upon listening to the telephone conversations as they occurred, Detective Birchwell believed that Los knew McGee. The telephone calls took ten to fifteen minutes, and after the last call, McGee told Detective Birchwell that Los said he was on the interstate and would arrive in a few minutes.

Detective Birchwell testified that ten or fifteen minutes after the last telephone call, the defendant's car arrived at McGee's house. The defendant walked to the door, carrying a blue plastic grocery bag. Detective Birchwell opened the door and grabbed the defendant, who dropped the blue bag. Detective Birchwell saw white powder in a clear plastic bag after the blue bag fell. He said that he probably had his weapon drawn at the time he grabbed the defendant. After his arrest, the defendant waived his rights, admitted that he was the one speaking to McGee on the telephone, confessed to bringing one-half kilogram of cocaine to the house, and asked McGee why he had set him up.

On cross-examination, Detective Birchwell admitted that he did not know the defendant before his arrest. He said that he had never received information from Harold McGee in the past and that Los gave no description of himself or his car during his telephone conversations with McGee. He admitted that as the defendant was approaching McGee's door, he did not know who the defendant was, but he knew that the defendant's arrival fit the time frame of the drug delivery, that the defendant was carrying a bag that would hold one-half kilogram of cocaine, and that McGee told him the defendant was the person to whom McGee had spoken.

The defendant contends that the trial court erred in denying his motion to suppress because Detective Birchwell did not have probable cause to arrest him. He argues that he was under arrest at the point that Detective Birchwell grabbed him because he was physically seized and his freedom of movement was restrained. He maintains that the information that Detective Birchwell received from McGee was insufficient to provide probable cause for his warrantless arrest because the state has failed to establish McGee's veracity and basis of knowledge as an informant. The state contends that McGee's basis of knowledge is revealed by the following facts: McGee had previously obtained

large amounts of cocaine, which were in his possession at the time of his arrest; he arranged for a drug transaction in Detective Birchwell's presence; and the drug transaction occurred exactly as arranged. It also argues that McGee's veracity is established by the circumstances that Detective Birchwell observed at the scene and that the defendant arrived at the prearranged place and time thereby corroborating McGee's information.

The trial court denied the defendant's motion to suppress, finding that the police had probable cause to arrest the defendant because Detective Birchwell's observations substantiated the information given by McGee. In reviewing the trial court's denial of a motion to suppress, we accept the trial court's findings of fact unless the evidence preponderates otherwise. See State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997). However, the law as applied to those facts is subject to de novo review. Id. The defendant bears the burden of demonstrating that the evidence preponderates against the trial court's findings. State v. Odom, 928 S.W.2d 18, 22-23 (Tenn. 1996).

The analysis of any warrantless search must begin with the proposition that such searches are per se unreasonable under the Fourth Amendment to the United States Constitution and article I, section 7 of the Tennessee Constitution. This principle against warrantless searches is subject only to a few specifically established and well-delineated exceptions. Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967); State v. Tyler, 598 S.W.2d 798, 801 (Tenn. Crim. App. 1980). Before the fruits of a warrantless search are admissible as evidence, the state must establish by a preponderance of the evidence that the search falls into one of the narrowly drawn exceptions to the warrant requirement. State v. Shaw, 603 S.W.2d 741, 742 (Tenn. Crim. App. 1980). A search incident to a valid arrest is such an exception. United States v. Robinson, 414 U.S. 218, 235, 94 S. Ct. 467, 477 (1973).

An officer may make a warrantless arrest when the officer has probable cause to believe that the arrestee has committed a felony. Tenn. Code Ann. § 40-7-103(a)(2). Probable cause to arrest exists if the facts and circumstances within an officer's knowledge are sufficient to warrant a prudent person in believing that the arrestee has committed an offense. Beck v. Ohio, 379 U.S. 89, 91, 85 S. Ct. 223, 225 (1964); State v. Melson, 638 S.W.2d 342, 350-51 (Tenn. 1982). The existence of probable cause is a question of probabilities, not technicalities. See Melson, 638 S.W.2d at 351.

If the information possessed by the officers is not of their personal knowledge but is received from an informant, probable cause under article I, section 7 of the Tennessee Constitution requires that the officers must know that the informant has a basis for his information that a person was involved in criminal conduct and that the informant is credible or his information is reliable. State v. Jacumin, 778 S.W.2d 430, 436 (Tenn. 1989); see State v. Moon, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992). However, any deficiency in the informant's information under this two-prong test may be overcome by independent police corroboration. Jacumin, 778 S.W.2d at 436.

In this case, the basis of knowledge prong is supported by Harold McGee's own involvement in the drug trade. Earlier that day, Detective Birchwell had arrested McGee for selling large amounts of cocaine. Soon after his arrest, McGee agreed to contact people whom he knew to be drug

suppliers and to have them deliver cocaine to his house. McGee identified Los as a drug supplier. Finally, Detective Birchwell was present when McGee set up the drug transaction with Los and observed that Los seemed to know McGee.

Turning to the veracity prong, the information that Detective Birchwell possessed at the time that McGee arranged the drug transaction and his observations immediately before the defendant's arrest sufficiently corroborated the information that he received from McGee, giving him probable cause to arrest the defendant. Generally, with regard to corroboration of information provided by an informant to establish veracity,

> "[i]t is difficult to define with precision the quantity of corroboration necessary to demonstrate the informant's veracity. Certainly, more than the corroboration of a few minor elements of the story is necessary, especially if those elements involve non-suspect behavior. It is equally certain, though, that the police need not corroborate every detail of an informant's report to establish sufficient evidence of his veracity."

State v. Marshall, 870 S.W.2d 532, 540 (Tenn. Crim. App. 1993) (quoting United States v. Bush, 647 F.2d 357, 363 (3d Cir. 1981)), overruled on other grounds by State v. Carter, 988 S.W.2d 145 (Tenn. 1999). In Marshall, the police received an anonymous call that the defendant was selling crack cocaine at a particular location and that the informant had seen the defendant with a plastic pill bottle containing crack cocaine. The police proceeded to observe the defendant at that location, leaning into cars, reaching into his shirt and pants pockets, and motioning people into a nearby barber shop. One of the officers saw the defendant take money from his shirt pocket and give it to an unknown person in a car. The police searched the defendant and found a Tylenol bottle containing crack cocaine. The defendant argued that the officers' observations could not corroborate the informant's tip because the officers only observed the defendant engaged in innocent, rather than incriminating, conduct. This court held that the context of the facts and circumstances of a particular case determine the corroborative value of the police observations. Id. at 539-40. Thus, the court concluded that the officers' knowledge of the manner in which drugs were sold at that location and of the defendant's history of arrests in combination with their observations of the defendant's actions sufficiently corroborated the informant's tip. Id. at 540.

In the present case, Detective Birchwell knew that McGee was involved in selling large amounts of cocaine and was present when McGee arranged a drug transaction with Los, who appeared to know McGee. McGee told Detective Birchwell that Los would arrive in a few minutes and was to deliver one-half kilogram of cocaine. Within ten to fifteen minutes, Detective Birchwell saw the defendant arrive at McGee's house, the prearranged location for the drug transaction. The defendant was carrying a bag that was large enough to hold one-half kilogram of cocaine. As the defendant approached the house, McGee identified him as Los. Although the defendant's arrival at McGee's house with a plastic grocery bag standing alone appears unremarkable, the precise fit of these facts with the prearranged drug transaction in the context of McGee's involvement in the drug trade sufficiently corroborates the information McGee provided. See State v. Brown, 898 S.W.2d

749, 752 (Tenn. Crim. App. 1994) (holding that when the officer saw the defendant, whom he knew, arrive at the prearranged place and time for the drug transaction, the informant's tip was "perfectly corroborated").

With his personal corroboration of both McGee's basis of knowledge and reliability regarding McGee's information about the drug transaction and identification of the defendant as Los, Detective Birchwell had probable cause to warrant a prudent person's belief that the defendant was committing an offense. The trial court properly denied the motion to suppress the cocaine recovered from the defendant incident to his arrest. Based upon the foregoing and the record as a whole, we affirm the trial court's denial of the motion to suppress.

                                            _____

                                            JOSEPH M. TIPTON, JUDGE